UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CORNELL DESMOND BRUMFIELD,<br>　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CRIMINAL ACTION NO.<br>1:10-CR-0053-1-CAP<br><br>CIVIL ACTION NO.<br>1:15-CV-1969-CAP |

# O R D E R

This action is before the court on the magistrate judge's report and recommendation ("R&R") [Doc. No. 275]. The movant has filed objections thereto [Doc. No. 283].

## I. Standard of Review

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the

district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation and internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

II. Discussion

A. Background

The movant and his co-defendant Ronn Darnell Sterling were indicted for aiding and abetting one another pursuant to 18 U.S.C. § 2 in committing the substantive crimes of (1) armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); (2) possession of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(C)(i); and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). Superseding Indictment [Doc. No. 120].

During pretrial proceedings, the movant sought to suppress evidence recovered from a gray Dodge Stratus owned by the movant and his wife. The motion was denied.

The movant and his co-defendant were tried before a jury beginning on January 17, 2012. On January 20, 2012, the jury convicted both defendants on all counts [Doc. No. 147]. This court sentenced the movant to 363 months' imprisonment [Doc. No. 165].

After the movant filed a timely notice of appeal, the Eleventh Circuit affirmed the movant's and his co-defendant's convictions and sentences by order dated November 21, 2013. *United States v. Sterling*, 738 F.3d 228 (11th Cir. 2013). The Eleventh Circuit considered and rejected the movant's arguments that (1) the trial court improperly admitted evidence of the movant and his co-defendant's prior convictions; and (2) there was a lack of sufficient evidence to support all charges against the movant. *Id.* at 238-39.

### B. Section 2255 Motion

The movant now collaterally challenges his convictions and sentences on the following grounds: (1) trial counsel was ineffective regarding the Fourth Amendment challenge to the investigatory stop and search; (2) trial counsel was ineffective in failing to object and seek suppression of

3

unsubstantiated criminal evidence; and (3) the movant is actually innocent of all aiding and abetting counts.

### 1. Ineffective Assistance of Counsel Claims

Under the Sixth Amendment, a defendant has the right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. *Id.* at 690-92; *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000) (stating that the court may resolve an ineffective assistance claim based on either prong).

Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "[C]ounsel's conduct is presumed reasonable, [and] a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). To prove ineffectiveness, a movant must show that his attorney's representation "fell outside the wide range of professionally competent assistance." *Id.* at 1314 (internal quotation marks omitted). When evaluating an attorney's performance, the court must be highly

deferential and "avoid second-guessing counsel's performance." *Id.* Moreover, when reviewing counsel's performance, the court "must evaluate the reasonableness of counsel's performance from counsel's perspective at the time," not with the distortion of hindsight. *Id.* at 1316.

Under the second *Strickland* prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### a. Investigatory Stop

The movant argues that his attorney's arguments at the suppression hearing and objections to the magistrate judge's R&R on the suppression issue were flawed because defense counsel failed to identify, argue, and show that the investigatory stop of the movant was the result of a false incriminating statement by Officer Nesbit and not the statements of eyewitness Matthew Justice. Specifically, the movant asserted that the investigatory stop was made because of Nesbit's false report to dispatch that witnesses said they saw the man running from the bank get into a Gray Dodge Stratus—but that neither Justice nor any other witness made such a statement to Nesbit.

5

In the R&R, the magistrate judge points out that at the suppression hearing, Justice testified that he and other witnesses flagged down Nesbit and told him they think they saw the fleeing robber getting into a gray Chrysler Dodge. Justice conceded during cross examination by defense counsel during the suppression hearing that he did not actually see the robber get into the car, he merely inferred that the robber had done so. But, as the R&R concludes the crucial portion of Justice's testimony is that he told Nesbit that he and other witnesses think the escaping robbers were in a gray Dodge, which means that when Nesbit conveyed the statements made to him by the witnesses to dispatch regarding the presence of the robbers in a gray Dodge, he did so accurately. As a result, there was no basis for the movant's counsel to argue that the investigatory stop was based on a false statement by Nesbit and defense counsel's failure to do so does not fall outside the wide range of professionally competent assistance.

In his objections to the R&R, the movant focuses on Justice's testimony on cross-examination during which he concedes that he did not see the robber get into the gray Dodge. However, the movant ignores Justice's testimony regarding what he told Nesbit. Trans at 12, 16 [Doc. No. 49]. Importantly, Justice testified that the did not tell Nesbit that he didn't actually see the robber get into the car. Tr. at 17.

Because the uncontraverted evidence demonstrated that Nesbit passed on to dispatch exactly what he was told by eyewitnesses, there was no basis for defense counsel to challenge the stop on the grounds that Nesbit provided false information to dispatch. Accordingly, the movant's objection to the R&R's conclusion of the same is OVERERULED.

### b. Incriminating Evidence

#### i. Statement by Layla

In his § 2255 motion, the movant contends that his attorney rendered ineffective assistance in failing to prevent the admission of a statement by his 3-year-old daughter. In the R&R, the magistrate judge points out that the child's statement was not admitted. Accordingly, there was nothing for defense counsel to move to exclude. The movant makes no objection to this portion of the R&R. This court agrees with the magistrate judge that there was no ineffective assistance by defense counsel in failing to move to exclude evidence that was never admitted.

#### ii. Fact that Layla was in the car

In his § 2255 motion, the movant contends that his counsel rendered ineffective assistance by failing to object or seek a curative instruction regarding the prosecutor's statements about the movant's daughter being in the car as a means of evading police suspicion. The movant contends that

this fact was prejudicial to him and was not probative of any element of the crimes charged.

In the R&R, the magistrate judge recognized that the fact that the movant had his daughter in the car during the bank robbery reflects badly on the movant. However, the magistrate judge concluded that its disclosure did not violate Federal Rule of Evidence 403 because it did not create unfair prejudice, confuse the issues, mislead the jury, result in undue delay, waste time, or amount to needless presentation of cumulative evidence. As such, there would be no basis for defense counsel to object, and failure to do so could not be ineffective assistance of counsel.

In his objections to the R&R, the movant argues simply that the evidence was "extremely prejudicial" and that there was no evidence to suggest that the movant brought his daughter along to the bank robbery to mislead the police and deflect suspicion. The movant points out that the presence his daughter was mentioned by the prosecutor in opening statements when he said "And he waited in that parking lot in his car with his three year old daughter. The importance of that is obviously nobody's going to make for a bank robbery suspect on Concord Drive with his three year old daughter." Tr. at 36 [Doc. No. 200]. Additionally, the prosecutor said, "if the police pull over Mr. Brumfield they're going to notice that he's

six-three, 220 pounds, he's obviously not the bank robber and he's got his three-year-old daughter in the back of the car." Tr. at 37.

The prosecutor's statements about the child's presence in the car was supported by the evidence and his statements about why the movant brought his child were reasonable inferences to be made from that evidence. Moreover, the court instructed the jury that what lawyers say in the case is not evidence. Tr. at 521 [Doc. No. 203]. Accordingly, there was no basis for an objection by defense counsel to statements now challenged by the movant.

Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985). Here, it is undisputed that the 3-year-old child was in the car with the movant. And given the overwhelming evidence of the movant's guilt, the court finds that there was no unfair prejudice caused by introduction of the fact that the child was in the car or the prosecutor's comments as to why she was brought along.

To the extent that the movant contends that counsel should have requested a curative instruction, his argument likewise fails. Generally, defense lawyers prefer to avoid a curative instruction related to evidence they believe to be unfairly prejudicial because the curative instruction merely

serves to call the jury's attention to the evidence. *United States v. Sobolewski*, No. 5:13-CR-20-OC-10PRL, 2015 WL 1579477, at *5 (M.D. Fla. Apr. 9, 2015), aff'd, 649 F. App'x 706 (11th Cir. 2016). Thus, the movant cannot show that no competent counsel would have taken the action that his counsel did take. *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000).

Because the movant failed to demonstrate error on the part of his attorney and because he cannot show that there would have been a different outcome had his attorney taken the action the movant now urges, his claim of ineffective assistance of counsel related to evidence of his daughter's presence in the car during the bank robbery is DENIED.

### iii. Two red-dye stained $100 bills

In his § 2255 motion, the movant contends that his attorney rendered ineffective assistance by failing to object to the admission of two red-dye stained $100 bills found by investigating officers in the Kroger parking lot. In the R&R, the magistrate judge concludes that there was no basis for excluding this evidence and that both parties were free to argue about the inferences that could be drawn from this evidence. As such, the magistrate judge determined that the movant could not demonstrate deficient performance based on a failure to seek to exclude the $100 bills.

In his objections, the movant argues that there was no evidence offered by the government to establish that the movant caused the bills to be left in the parking lot. This argument is meaningless. The bills were relevant evidence related to the bank robbery. The jury was free to draw reasonable inferences as to how the bills came to be in the Kroger parking lot. There was nothing about the introduction of the two $100 bills that violated Federal Rule of Evidence 403. Accordingly, there was no basis for an objection by defense counsel to their admission at trial. Thus, failure to make such objection was not outside the wide-range of competent conduct.

The movant's objection to the R&R on this claim is OVERRULED.

### *iv. Red stain found on the seat of the car*

In his § 2255 motion to vacate, the movant argues that his attorney rendered ineffective assistance by failing to prevent the introduction of evidence of a red stain found on the back seat of the car. In the R&R and the magistrate judge concludes that there was no basis for exclusion of this relevant evidence. Furthermore, the magistrate judge points out that defense counsel, in cross examining the government's witness, obtained an acknowledgement that the red dye that caused this stain was not a material used exclusively in bank dye-packs.

In his objections, the movant continues to argue that evidence of the red stain was prejudicial to him. He then goes on to make the very points that his defense counsel did at trial: (1) the red stain was not noticed by the police when they searched the vehicle at the investigatory stop, (2) the red stain was not noticed by police when the car was at the impound lot, and (3) the government's expert testified that the red dye on the seat was not a material that was used exclusively in bank dye-packs. In other words, the movant's attorney made the precise arguments the movant now raises in order to cast doubt on the government's theory of the case. Thus, the movant makes no showing of how his attorney's conduct was somehow deficient. Accordingly, the movant's objection is OVERRULED, and his claim based on admission of evidence of the red stain on the car seat is DENIED.

### 2. Actual Innocence Claim

Ground 3 of the movant's § 2255 motion to vacate is that he is actually innocent of the charges against him because the gun found in his vehicle was not the gun described in the state criminal complaint against him. The magistrate judge recommended denial of this ground for relief because to support an actual innocence claim, the movant would have to offer new reliable evidence that was not offered at trial; here, the movant has offered evidence that was in his possession prior to trial.

In his objection to the R&R, the movant changes the basis of his ground for relief. He argues that his attorney should have argued that he was factually innocent because the movant was never shown to have possessed a firearm at any time. This claim was not made in his motion to vacate, and the movant may not amend his claim through an objection to the R&R.

Regardless of the procedural deficiency of the movant's claim, he cannot demonstrate ineffective assistance of counsel on this basis because his attorney did argue that the government could not link the movant to the gun in the trunk or any other gun. Tr. at 48 – 50 [Doc. No. 200], Tr. at 447, 492, 493, 498 [Doc. No. 202]. Accordingly, the movant's objection to the recommendation of denial of his third ground for relief is OVERRULED, and his claim of actual innocence is DENIED.

### 3. Trunk Search

Objection number two to the magistrate judge's R&R appears to be a new claim challenging the search of the movant's trunk once the Dodge Stratus was at the impound lot. This claim was not raised in the original § 2255 motion; the movant may not amend his motion to vacate through his objections. Moreover, the claim is procedurally defaulted. A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent (1) a showing of cause for

the default and actual prejudice or (2) a showing of actual innocence. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). The movant did not raise this issue on direct appeal and has made no showing of cause and prejudice or actual innocence. Therefore, to the extent the movant is attempting to add a ground for § 2255 relief regarding the trunk search, the claim is DENIED.

### 4. Certificate of Appealability ("COA")

Section 2253 sets forth the standard a movant must satisfy to obtain appellate review of this court's disposition of his § 2255 motion to vacate:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -
>
> (A) the final order in a habeas corpus proceeding which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(1-3). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). The magistrate judge found that the movant could not meet that standard.

The movant makes no objection to this conclusion in the R&R. Moreover, as set forth above, the movant's claims are wholly without merit. Accordingly, the movant is denied a COA. The movant may request a circuit judge to issue a COA since this court has denied the same. Fed. R. App. P. 22 (b)(1, 2). "Under the plain language of the rule, an applicant for the writ gets two bites at the appeal certificate apple: one before the district judge, and if that one is unsuccessful, he gets a second one before a circuit judge." *Jones v. United States*, 224 F.3d 1251, 1255 (11th Cir. 2000) (quoting *Hunter v. United States*, 101 F.3d 1565, 1575 (11th Cir. 1996)).

III. Conclusion

Based on the foregoing, the movant's objections [Doc. No. 283] are OVERRULED, and the magistrate judge's R&R [Doc. 275], as reviewed herein, is ADOPTED as the order of the court.

IT IS ORDERED that the motion to vacate [Doc. 234] is DENIED, and that a COA is DENIED.

The clerk is DIRECTED to close the civil action associated with the filing of the motion to vacate.

SO ORDERED, this 5th day of March, 2018.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge